FULD & CO. v. UNITED STATES. LEVINSON v. SAME. LEWKOWITZ v. SAME.

(Circuit Court, S. D. New York. February 23, 1905.)

Nos. 3,534–3,536.

CUSTOMS DUTIES—CLASSIFICATION—LITHOGRAPHIC PRINTS OF VARYING THICK-NESS—FOLDING PICTURES.

In construing Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 400, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1672], which provides a duty on lithographic prints, varying according to their thickness, *held*, as to lithographic prints in the form of folding pictures, of which substantial parts are of one thickness, and relatively smaller parts, consisting of little figures of an ornamental and incidental character, of a less thickness, that they should be classified according to the thickness of the substantial portions.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision under review related to importations at the port of New York made by Fuld & Company, A. Levinson, and Gustav Lewkowitz, and overruled the protests of those parties against the assessment of duty by the collector of customs at that port. The opinion of the board, so far as pertinent to the present cases, reads as follows:

FISCHER, General Appraiser. The merchandise consists of articles printed by lithographic process. * * * From the evidence and samples we find * * * (2) that the remainder of the goods are folding pictures made up of pieces of lithographically printed paper of various designs and thicknesses, fastened together in such a manner as to form particular designs. Some of the parts of the articles thus constituted measure less than eight one-thousandths of an inch, while the remaining portions of the article measure between eight one-thousandths and twenty one-thousandths, and over twenty one-thousandths, respectively. All were assessed at 20 cents per pound, the highest rate to which any part of the article was liable by reason of the provisions of paragraph 400, Schedule M, § 1, Tariff Act July 24, 1897, c. 11, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1672], and the importers claim that they are dutiable at various lower specific rates than that assessed. As paragraph 400 does not provide for articles made up of pieces of lithographically printed paper of different thicknesses, it was held in G. A. 5,348, T. D. 24,473, that such goods fell within the general provision for printed matter contained in paragraph 403, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673]. This claim is not made in the protests, however, and, following the decision mentioned, we overrule the protests, without affirming the correctness of the collector's classification.

Comstock & Washburn (Albert H. Washburn, of counsel), for the importers.

Charles D. Baker, Asst. U. S. Atty.

WHEELER, District Judge. A portion of these importations appear to have been returned by the appraiser as printed matter dutiable at 25 per cent., and the remainder as litographic prints. In the first finding of the board the parts not lithographic are specified. In the testimony taken in this court this distinction does not appear to be noticed, and is understood to be acquiesced in, and as to that part found not to be lithographic prints the decision is of course affirmed.

As to the rest the testimony shows that some small figures on tissue paper and the like are less than .008 of an inch in thickness, and the rest over .008 and under .020. These appear to have been assessed as printed matter not otherwise provided for, under paragraph 403, Schedule M, § 1, Tariff Act July 1, 1897, c. 11, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673], because there is no provision in paragraph 400, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1672], for lithographic prints in part below and in part above .008 of an inch in thickness. But they are lithographic prints which are the subject of paragraph 400, and seem to be dutiable at some rate fixed there, either according to the highest rate of any part of a print, or according to the actual thickness of the principal and substantial part of each print. These little figures are not parts of the frames and bodies of the prints, but seem to be rather incidents and ornamentations of them, very small in proportionate surface, and still smaller in proportionate weight. Under these circumstances, it seems as if the thickness of the substantial parts should govern.

Decision reversed as to lithographic prints, and otherwise affirmed.